Case 1:25-mj-00063-MAU   Document 1-1

Case: 1:25-mj-00063
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 4/21/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On April 9, 2025, at approximately 4:50 PM, members of the Metropolitan Police Department's ("MPD") Fifth District responded to an alert by an off-duty MPD police officer who reported overhearing the driver of a parked vehicle, Defendant Jevaun Ikebo Hodge ("HODGE"), mentioning to a passenger that he had a gun in his car.

Off-duty MPD Sergeant Scott R. Possinger ("Sergeant Possinger") relayed, on further interview, that at approximately 4:44 PM, while he had been walking his dog, he saw a black Chrysler parked in the 1000 block of Bryant St. NE. Sergeant Possinger was approximately 20-25 feet away from the vehicle when he saw HODGE leaning against the rear of the car and the passenger of the car standing near the front passenger doorway, facing away from Sergeant Possinger.

From his spot, 20-25 feet away, Sergeant Possinger overheard HODGE state to the front passenger something to the effect of, "Don't worry bro, I got my gun in the car. I'll shoot him if I have to." Sergeant Possinger was unsure whether HODGE's statement referred to him but thought it might because he was the only person present on the block when the statement was uttered.

As Sergeant Possinger was leaving, he observed the passenger, Franklin Walters AKA Frank Davis ("Davis"), urinating from the passenger side of the vehicle onto a public space. Sergeant Possinger made eye contact with HODGE, at which time HODGE stated "Hey man, my cousin's just peeing for a sec, we'll be gone in a minute."

Sergeant Possinger retreated from the scene and called 911. From roughly 30 feet away, Sergeant Possinger observed that HODGE and Davis were both back inside the car. He noted and reported the license plate number to the 911 operator and separately voiced over the 5D radio channel the call he made to the 911 dispatcher to confirm the lookout for the vehicle, specifically to look out for a black Chrysler 200 bearing a Maryland temporary tag ▮▮▮▮▮▮ traveling east bound on Rhode Island Ave NE and last seen approaching the intersection of Montana Ave. NE. Sergeant Possinger also reported over the same line HODGE's statements regarding his gun possession and that he would "shoot" if he had to.

On-duty MPD Officer ▮▮▮▮▮▮▮▮▮▮ ("Officer ▮▮▮▮") was traveling east bound on Rhode Island Ave NE at the intersection of Montana Ave. NE, when he observed a black Chrysler 200 idling in the parking lot of 1401 Rhode Island Ave. NE. Officer ▮▮▮▮ entered the parking lot to further investigate and the black Chrysler began to leave the parking lot by turning east bound on to the 1400 block of Rhode Island Ave NE. Officer ▮▮▮▮ followed the black Chrysler out of the parking lot and on to east bound Rhode Island Ave NE. Officer ▮▮▮▮ observed that the Chrysler had a Maryland temporary tag of ▮▮▮▮▮▮ attached to the back.

1

*Figure 1: Temporary Maryland License Plate Observed by Officer* ▮

At this time, Officer ▮ alerted other MPD officers to his location and notified them he was following the black Chrysler that had previously been broadcast by Sergeant Possinger. Officer ▮, dressed in full MPD uniform and driving a marked MPD police vehicle, initiated a traffic stop based on the information provided by Sergeant Possinger and requested assistance.

Several other officers arrived, also wearing full MPD uniform and in fully marked cruisers. They stopped and detained HODGE and the passenger, Davis, upon their arrival at approximately 4:52 PM. Sergeant Possinger arrived and positively identified HODGE as the driver from his previous interaction, based on both HODGE's physical features, including a distinctive beard, and HODGE's apparel. Sergeant Possinger also recognized Davis as the passenger he witnessed urinating.

Officer ▮ requested K9 assistance to the scene to determine whether there was any presence of a gun in the black Chrysler. K9-30 responded to the scene and deployed a K9 to sweep the vehicle. At approximately 5:20 PM K9-30 indicated a positive reaction to the presence of a firearm from his K9. At this point, Officers began to search HODGE's vehicle.

A silver in color Kimber Micro 9 Stainless 9mm handgun was found in the center console. It was loaded with six rounds in the magazine but no bullet in the chamber.

2



*Figure 2: Image of Gun in Car Console*



*Figure 3: Image of Gun*



*Figure 4: Image of Magazine and Six (6) Rounds of Ammunition*

Review of law enforcement databases revealed that HODGE was not licensed to possess a firearm in the District of Columbia and that the recovered firearm had been reported stolen out of Manassas, Virginia.

Officers also recovered from the center console a small, clear zip bag containing a white rock-like substance that appeared to be cocaine. A field tested confirmed that the substance was cocaine, which is a Schedule II controlled substance under federal law. There was also a small amount of what appeared to be Marijuana, a Schedule I controlled substance under federal law, that appeared to be within the District of Columbia's established limits for personal possession.



*Figure 5: Cocaine Found in Center Console*

The Officers recovered one machete style knife from underneath the driver's seat and a second machete style knife from underneath the passenger's seat.

4



*Figure 6: Machete Recovered from Underneath Car Seat*



*Figure 7: Machete Recovered from Underneath Car Seat (Unsheathed)*

5



*Figure 8: Machete Recovered from Underneath Car Seat*

Officers also recovered from the passenger door an open can of Heineken Beer (5% alcohol by volume) that was less than half full and cold to the touch. Further investigation into the vehicle revealed the temporary tags to be of a counterfeit nature.

HODGE was transported to the Fifth District police station for processing.

A criminal history check showed HODGE was convicted in 2020 in Prince William Circuit Court Case No. CR21001030-00 of Possession of Heroin and in Case No. CR21001031-00 of Possession of MDMA, for which was sentenced to two consecutive sentences of five years' incarceration with five years suspended and two years supervised probation.

Hodge was also convicted in 2015 in Stafford, Virginia Circuit Court in Case No. CR15000920-00 of Eluding and Possession with Intent to Sell Schedule I or Schedule II Drugs. He was sentenced to 10 years, with six years and five months suspended and indefinite supervision. HODGE was still on supervision for Case No. CR15000920-00 at the time of this arrest.

Accordingly, HODGE would have been aware at the time he was possessing the firearm in this case that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge Jevaun Hodge with violation of 18 U.S.C. 922(g)(1) **(Unlawful Possession of Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**.



Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on April 21, 2025.

                                                                              Moxila A. Upadhyaya
                                                                              United States Magistrate Judge